SUMMARY ORDER

Petitioner Xiuqing Li, a native and citizen of the People’s Republic of China, seeks review of a May 6, 2008 order of the BIA denying her motion to reopen her removal proceedings. In re Xiuqing Li, No. A77 007 866 (B.I.A. May 6, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “disfavored.” See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (citing INS v. Doherty, 502 U.S. 314, 322-323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).
The BIA properly denied Li’s motion to reopen as untimely where it was filed more than five years after her 2002 final order of removal. See 8 C.F.R. § 1003.2(c)(2) (providing that an applicant must file a motion to reopen within ninety days of the final administrative decision). Nor did the BIA abuse its discretion in finding that Li failed to present objectively reasonable evidence of changed country conditions sufficient to satisfy the exception to the time limitation. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(h); INS v. Abudu, 485 U.S. 94, 104-105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The affidavits that Li submitted provide, at most, anecdotal evidence that Li had converted to Christianity and that authorities were looking for her. Li fails to demonstrate how these affidavits demonstrate changed country conditions, nor does she provide any objective evidence of China’s treatment towards Christians. See 8 U.S.C. § 1229a(c)(7)(C)(ii), Abudu, 485 U.S. at 104-105, 108 S.Ct. 904. In *483 light of the IJ’s prior adverse credibility determination, the IJ was entitled to view Li’s evidentiary submissions with suspicion. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 147 (2d Cir.2007); Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007). Accordingly, the BIA properly denied her motion to reopen.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the pending motion for a stay of removal as moot.